THE STATE, Plaintiff in Error, *vs.* BAKER, Defendant in Error.

1. The supreme court will not, for any reason, disturb a judgment in a criminal case after a verdict of acquittal.

### *Error to Knox Circuit Court.*

Indictment for selling spirituous liquors in less quantities than one quart without a license. The defendant admitted the sale, and then produced in evidence a receipt of the county collector for the *ad valorem* tax upon his stock of groceries for six months, covering the time when the offence charged in the indictment was alleged to have been committed. The court below instructed the jury that the payment of the *ad valorem* tax authorized the defendant to sell in the usual course of his business, in less quantities than one quart, without a license. There was a verdict of acquittal.

*Clover* submitted the case for the State.

No appearance for the defendant.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for selling spirituous liquors without license; he appeared and pleaded not guilty. A trial was had, and, under an instruction from the court, the jury found the defendant not guilty.

The circuit attorney objected to the instruction, and after verdict, moved to set the same aside, and grant a new trial for the erroneous and illegal instruction. The court overruled the motion, and the State brings the case here by writ of error.

The defendant having been found not guilty by a jury, this must end the matter. The verdict of acquittal is a protection against any further proceedings, and this court will not interfere in such cases. See the case of the *State* v. *Spear*, 6 Mo. Rep. 644. Let the judgment be affirmed, the other judges concurring.