## GOODEN vs. THE STATE.

[SCIRE FACIAS ON FORFEITED RECOGNIZANCE.]

1. *Sufficiency of sci. fa.*—A *scire facias* on a forfeited recognizance, which conforms to the precedent laid down in section 3692 of the Code, is sufficient.
2. *Validity of recognizance.*—When the judgment in a criminal case is arrested, and a *nolle prosequi* entered, in the court to which the trial was removed by the prisoner, that court has the power to bind him over to appear at the circuit court of the county from which the trial was removed, to answer a new indictment for the same offense; and the validity of the recognizance is not affected by the failure of the minutes to recite the specific cause for which the judgment was arrested, or that the court ordered another indictment to be preferred, or required the prisoner to give bail.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. NAT. COOK.

AT the November term, 1857, of the circuit court of Talladega, on change of venue from the circuit court of Randolph, in the case of The State v. Thomas Foley, (which was an indictment for perjury,) a judgment was rendered in the following words: "On this 19th day of November, 1857, came the State, by its solicitor, and the defendant in his own proper person, and for plea says that he is not guilty; and thereupon came a jury of good and lawful men, to-wit," &c., "who, upon their oaths, do say, 'We, the jury, find the defendant guilty in manner and form as charged in the bill of indictment.' And the defendant, by his counsel, moved the court to arrest said judgment; and after argument had thereon, the court granted said motion, and arrested said judgment, and set aside said verdict of the jury; and the solicitor, by leave

of the court, entered a *nolle prosequi* in this case; and the defendant, Thomas Foley, with John Gooden, Jephtha Ellard, and Daniel S. Smith, his sureties, agreed to pay the State of Alabama the sum of one thousand dollars, unless the said Thomas Foley shall appear at the next term of the circuit court to be held for Randolph county in this State, to answer to an indictment to be preferred against him for perjury."

At the spring term, 1858, of the circuit court of Randolph, a new indictment for perjury was found against said Foley; and at the ensuing fall term, a judgment *nisi* was rendered against him and the persons above named as his sureties, in the following words: "It appearing to the court that Thomas Foley, John Gooden, Jephtha Ellard, and Daniel S. Smith agreed to pay the State of Alabama one thousand dollars, unless the said Thomas Foley appeared at this term of the court, to answer in this case; and the said Thomas Foley having failed to appear, it is therefore ordered by the court, that the State of Alabama, for the use of Randolph county, recover of the said Thomas Foley, John Gooden, Jephtha Ellard, and Daniel S. Smith, the sum of one thousand dollars, unless they appear at the next term of this court, and show cause against the same."

On this judgment, on the 7th September, 1858, a *scire facias* was issued, in the following words:

"State of Alabama,   } To Thomas Foley, John Gooden, Jephtha Ellard, and Daniel
Randolph county. S. Smith: You are hereby notified, that at the fall term, 1858, of the circuit court of this county, the following judgment was rendered against you," (setting out the judgment *nisi* as above copied,) "and that this judgment will be made absolute, unless you appear at the next term of this court, and show cause against the same," &c.

At the fall term, 1859, as the bill of exceptions shows, the defendants Gooden, Ellard and Smith demurred to the *scire facias*; but the grounds of demurrer, if any were specified, are nowhere stated. The court overruled the demurrer, and the defendants then pleaded "the general issue, in short by consent, with leave to give in evidence

Gooden v. The State.

any matter that might be specially pleaded; and the solicitor for the State replied, with like leave." The State's attorney then offered to read in evidence a transcript from the records of the circuit court of Talladega, containing only the judgment first above set out; to which transcript was appended the certificate of the clerk of said court, stating "that the above is a true and perfect transcript of the proceedings in this court on the indictment against Thomas Foley for perjury, on change of venue from Randolph county, as appears of record in my office." The defendants objected to the admission of this transcript, on the following grounds: "1st, because the same purports to be only a part of the record of another case, and the whole record is not offered in evidence; 2d, because the undertaking therein contained seems on its face to be only a recital of an undertaking, and not the undertaking itself; 3d, because it does not show that the entry required by law on the arrest of the judgment, so as to authorize the finding of a new indictment, was made; and, 4th, because the same was improper evidence." The court overruled each of these objections, and allowed the transcript to be read in evidence; and the defendants excepted. This transcript, together with the indictment, the judgment *nisi*, and the *scire facias*, being all the evidence in the case, the court thereon rendered judgment final against the defendants; to which also they excepted.

The matters assigned as error in this court are, the rendition of the judgment *nisi*, the overruling of the demurrer to the *scire facias*, the admission of the transcript from the circuit court of Talladega, and the rendition of judgment final.

RICHARDS & FALKNER, for the appellants.

M. A. BALDWIN, Attorney-General, *contra*.

R. W. WALKER, J.—The *scire facias* conforms to the precedent in the Code, and the demurrer to it was properly overruled.—Code, §§ 3691–2.

[2.] The objections to the record from the Talladega circuit court were not well taken. The transcript set out

all that was necessary to show that the defendants had entered into a recognizance for the appearance of Foley at the next term of the Randolph circuit court, and this was sufficient. The entry on the minutes of the Talladega circuit court distictly states, that the defendants entered into the recognizance. It is record evidence of that fact, and, as such, imports absolute verity. Independent of statute, the circuit courts possess the undoubted power, where the judgment in a criminal case is arrested, and a *nolle prosequi* is entered by the State, to bind the defendant over to appear at the circuit court of the proper county to answer a new indictment for the same offense. In such case, the validity of the recognizance is not impaired, because the minutes fail to recite the specific cause for which the indictment was arrested, or that the court ordered another indictment to be preferred, or required the defendant to give bail.—See Code, § § 3549, 3677. In order that the time intervening between the preferring of the first charge or indictment, and the subsequent indictment, may be deducted from the time limited for the prosecution of the offense, it is necessary that there should be an entry of record, setting forth the facts attending the arrest of judgment, or the quashing of the indictment.—Code, § § 3532-3. A failure to spread the facts alluded to on the record, does not invalidate the recognizance: its only effect is, that the operation of the statute of limitations is not suspended during the interval between the arrest of judgment, and the finding of the second indictment.

Judgment affirmed.