## CRUMPTON & WALKER vs. THE STATE.

[INDICTMENT FOR LARCENY OF A HORSE.]

1. *Holding accused in custody, when indictment is quashed ; grand jury being in session, to find new indictment.*—Where an indictment is quashed, on sustaining a demurrer, the grand jury being in session, there is no error in the court holding the accused in custody, until a new indictment can be sent to them ; no affidavit, or other evidence, is necessary to authorize the court to do so.

From the Circuit Court of Dallas.
Tried before the Hon. B. L. WHELAN.

PETER CRUMPTON and LEWIS WALKER were indicted at the fall term of the circuit court of Dallas, for the larceny of a horse, the property of James B. Walker, were tried and found guilty. Crumpton was sentenced to the penitentiary for five years, and Walker for two years.

The defendants reserved a bill of exceptions on the trial, from which it appears that, " the defendants, counsel demurred to the indictment, and the demurrer was sustained by the court, and the indictment quashed. The solicitor immediately requested the court to suspend its business, and allow him to go before the grand jury then in session, and get a new bill. To this request of the solicitor, the court consented. In a few minutes the grand jury came into court with a new bill, upon which the defendants went to trial, and were convicted. To this proceeding of the court, the defendants, by their counsel, excepted."

"After quashing of the said indictment, the court required the defendants to remain in court until the grand jury acted on a new indictment, without any evidence of their guilt, or affidavit of it, by which to detain them ; to which defendants excepted."

No errors are assigned, and no counsel appeared for the prisoners.

JOSHUA MORSE, Attorney-General, for the State.—This was an indictment for larceny of a horse. The first indictment was quashed. The court was in session. The defendants were in court and in custody. The court had the power to order a new or another indictment to be prepared for the offense, during the time. The prisoners can not complain of the order of this court, because, even if they were not bound to obey it, they were liable to arrest *instanter*, if another indictment were found. If there be any error, it is error without injury.—Revised Code, § 4146.

PECK, C. J.—There is no assignment of errors in this

case, nor is there any brief on the part of the appellants, to call the attention of the court to any particular error.

We have examined the record carefully, and have failed to discover any error in the proceedings or judgment of the court below. There is a short bill of exceptions in the record, which shows that the first indictment was defective, in not stating the value of the horse alleged to have been stolen, and a demurrer was sustained to it for that cause. The grand jury being in session, the court held the appellants in custody until the solicitor could send a new indictment to them, which was immediatly done, and another indictment was, in a short time, brought into court by the grand jury, upon which the trial immediately took place without objection, and the appellants convicted. The bill of exceptions notes that, " after quashing the said indictment, the court required the defendants to remain in court until the grand jury acted on a new indictment, without any evidence of their guilt or affidavit of it, by which to detain them," to which defendants excepted. Surely there was no error in this. It was all proper under the circumstances of this case.

Let the judgment of the court below be affirmed, at the costs of the appellants.