THE STATE OF MISSOURI, Plaintiff in Error, *v.* CORNELIUS NEW-KIRK, Defendant in Error.

1. *Practice, criminal — Writ of error — Motion for discharge — Construction of statute.*— Under the act touching appeals and writs of error in criminal cases (Wagn. Stat. 1112, § 2), where defendant filed a motion to be discharged, which motion was sustained, the State would be entitled to a writ of error, notwithstanding the provisions of sections 13 and 14 of the same statute (p. 1114).

2. *Practice, criminal — Motion for discharge — Judgment on, a final judgment — Construction of statute.*— A case may be brought to the Supreme Court from a judgment on a motion to discharge defendant. That judgment *pro hac vice* is a final one, as contemplated by Wagn. Stat. 1112, section 2, art. VIII, and in such a case no motion for rehearing is necessary.

3. *Supreme Court, practice in — Reversal of cause — New trial, etc.*—When the Supreme Court directs that the judgment of the court below be reversed and the cause remanded, the case must be proceeded with in the lower court in accordance with the rulings expressed in the opinion, although a new trial is not in terms ordered.

4. *Practice, civil — New trial — New evidence.*—Where a new trial is awarded, whether in a civil or criminal case, the parties are always permitted to introduce new evidence, whether the reversal was on a question of law or fact, or both.

*Error to St. Louis Court of Criminal Correction.*

*Chas. Gibson,* for plaintiff in error, cited in argument Prince v. Cole, 28 Mo. 486.

*Orrick, Emmons & McKeag,* for defendant in error.

I. The court committed no error in discharging the defendant, as it had previously heard all the testimony which the State chose to offer at the trial; and as this court had decided that the evidence offered was insufficient to sustain the charge, it would have been an infringement upon the defendant's constitutional rights to try him again for the same offense. (The People v. Goodwin, 18 Johns., N. Y., 202.)

II. If any error was committed by the court below, the case is not properly before this court, as no motion for rehearing or in arrest of judgment was filed to give the court an opportunity to correct its errors, if any. (Beatty v. Furnald, 47 Mo. 348; State v. Marshall, 36 Mo. 403.)

III. The facts as they exist in this case are not such as would entitle the State to an appeal as provided in Wagn. Stat. 1114, §§ 13, 14, unless at the discretion of the court. Can a writ of error be resorted to for the purpose of bringing a case to this court when the error complained of would not entitle the State to an appeal were all the necessary steps taken to perfect it?

ADAMS, Judge, delivered the opinion of the court.

This case was before the court at the October term, 1871 (*ante*, p. 84), brought there by the defendant by writ of error. It was a prosecution for a "malicious trespass," and this court then held that the facts as they appeared in the record did not support the charge, and reversed the judgment and remanded the cause for further proceedings. After the defendant had been found guilty he filed a motion for a new trial, which was overruled, and it was for this alleged error that he took the case to the Supreme Court.

When the case went back the defendant filed a motion to be discharged, because this court on reversing the judgment did not in so many words direct a new trial to be had. This motion was sustained, and the State excepted and has brought the case here by writ of error. It is objected that a writ of error by the State only lies where an appeal is allowed. But the statute allowing writs of error is general (see section 2, art. VIII, tit. "Of Appeals and Writs of Error," Wagn. Stat. 1112), and covers the case under consideration. Where a defendant has been acquitted, however erroneous such acquittal may be, in a case where life or liberty is involved he cannot be put on his trial a second time for the same offense. But here the defendant was convicted and wanted a new trial, and brought the case to this court expressly to obtain a new trial, and the judgment was reversed and the cause remanded. For what purpose was the cause remanded? Was it remanded merely to have an order entered discharging the defendant, or that a new trial might be had? That was what the defendant wanted. Now, after this court has reversed the judgment and remanded the cause, and thereby held that the motion for a new trial should have been

sustained, the defendant objects to a new trial, and without any trial at all has been discharged on his own motion.

It seems to me that where " a judgment is reversed and the cause remanded," this language implies all that the statute requires, and when the case goes back it must be proceeded with in accordance with the rulings of this court as expressed in its opinion. All that the court decided was that there must be a new trial — that the facts as they appeared in the record did not warrant his conviction; and the case must go back to be tried again. It does not follow that when a new trial is awarded, whether by the Supreme or inferior court, the parties are prohibited from introducing other evidence than what appeared in the first trial. Whether in a criminal or a civil case the parties are always permitted to introduce new evidence, whether the reversal was on a question of fact or law, or both. There is nothing in the objection that this case has been brought here from the judgment on the motion to discharge the defendant. That was a final judgment *pro hac vice*, and no motion for a rehearing was necessary. (See Parker v. Waugh, 34 Mo. 340 ; Bruce v. Vogel, 38 Mo. 100 ; Parker v. Hannibal & St. Jo. R R. Co., 44 Mo. 419.) Although the defendant has been discharged, he may be re-arrested upon process to be issued for that purpose by the court below, and brought to trial.

The judgment must be reversed and the cause remanded, to be proceeded in as herein directed. The other judges concur.