STATE OF MISSOURI, Plaintiff in Error, *vs.* ANTHONY PECK, Defendant in Error.

1. *Criminal law—Indictment—Fee of Prosecuting Attorney.*—On an indictment for disturbing the peace, the Circuit Attorney is entitled to no more than one fee of five dollars, although the indictment contains more than one count and more than one fine is assessed. (Wagner Stat. 619, § 2, clause 3.)

2. *Practice, criminal—Writ of Error, when allowed in Criminal Cases.*— When a defendant has been tried and acquitted, the state is not entitled to a writ of error; but on all other final judgments or indictments, the writ is allowed.

*Error to Perry Circuit Court.*

*B. Benson Cahoon*, Attorney for Plaintiff in Error.

1. The fee of the Circuit Attorney in this case, is controlled by the *third* clause of § 2, W. S., 619.

2. The defendant was indicted under § 27, W. S., 496. The indictment contained four counts, and charged the commission of four different and distinct offenses. He was *con victed* on three of the counts, and on each count, was fined seperately; hence there were *three convictions* of the defendant, upon three offenses charged separately in three of the counts, and the Circuit Attorney was entitled to three fees of five dollars each. (Borschenious *vs.* The People, 41 Ills., 236, 237 and 238.)

3. To say that each commission of a misdemeanor defined by a statute, making certain acts under it punishable, must be charged in seperate indictments, before the Circuit Attorney is entitled to his fee for each conviction, is to say that the records shall be unnecessarily numbered, and costs, even to defendant, unnecessarily added. It is submitted that a reasonable construction of the 3d clause of § 2, W. S., 619, under consideration does not warrant such a position.

Broom's Legal Max. Am. Ed. §§ 174, 175, and authorities cited: Ram on Legal Judgment, Am. Ed. 1871, p. 111, 112 and 115.

*Robinson & Clardy*, for Defendants in Error.

The statute allows a fee of but five dollars in this case.

1. Wagner's Statute, Vol. 1, page 619. Ex parte Craig, 19 Mo., 337.

2. The Supreme Court has no jurisdiction in this case. The statute allows no appeal in favor of the State, except when an indictment is quashed upon motion or adjudged insufficient upon demurrer. No appeal therefore lies from the action of the Circuit Court, by the State. W. S., v. 2, 1114, §§. 13, 14.

ADAMS, Judge, delivered the opinion of the court.

This case presents the question, whether the Circuit Attorney ought to be allowed more than one fee of five dollars for conviction on an indictment containing three counts, when the defendant is found guilty on each count and three separate fines assessed for disturbing the peace.

The court refused to allow more than one fee of five dollars and the plaintiff has brought the case here by writ of error.

The language of the third clause of Wagner's Statutes § 2, p. 619, upon which the Circuit Attorney rests his right to several fees, reads as follows: "For conviction upon indictment when the punishment assessed by the court or jury shall be a fine or imprisonment in the county jail, or both such fine and imprisonment, five dollars." The language here used precludes the idea of several fees to be allowed in one case. The indictment forms but one case; there is but one verdict and one conviction. The defendant by one verdict and judgment is convicted of several offenses. The fourth clause of the same section, under the ruling of this court, only allows one fee "in any case when the punishment assessed shall be by confinement in the penitentiary, except cases of rape, etc., etc." See Ex parte Craig, 19 Mo., 337. If the Court construed the latter clause correctly that decision settles this case. There is no material distinction in the two clauses. If one allows several fees the other does also.

I think the decision in Ex parte Craig has been universally acquiesced in, in our State. I am aware however that the Supreme Court of Ills., in Borschenious vs. The People, 41 Ills.,

236, gave a different construction to a similar statute of that state. But we are satisfied with the ruling of our own court, and must adhere to it.

The point is raised that a writ of error at the suit of the State does not lie in this State. When a defendant has been tried and acquitted, the State is not entitled to a writ of error, but on all other final judgments on indictments the writ is allowed. See The State vs. Newkirk, 49 Mo., 472; State vs. Baker, 19 Mo., 683.

Let the judgment be affirmed. Judge Wagner concurs. Judge Bliss absent.

————o————

