——o——

STATE OF MISSOURI, Plaintiff in Error, *vs.* L. P. CUNNINGHAM, Defendant in Error.

1. *Practice, criminal—Error, writ of—Appeal—Iudictment—Motion to quash.* —When a motion to quash an indictment is sustained in the lower Court, the State can bring the case to this court by writ of error or appeal. If an appeal is taken, the defendant may be held in custody or required to give bail: if a writ of error be resorted to, he must be discharged, and if the case is reversed and remanded for trial, he may be again arrested on a writ issued for that purpose.

2. *Choses in action—Counties—Bonds, ownership of.*—Bonds of the United States, of countries, &c., are not merely choses in action, but are personal property, and have their *situs* wherever they may be placed for safe keeping, and a county may be the owner or the lawful custodian of them.

### Error to Lawrence Circuit Court.

*H. Clay Ewing*, Attorney General, for Plaintiff in Error

I. The State stands precisely as the defendants, as to its right to bring cases to this court, either by appeal or by writ of error. (State vs. Leapfoot, 19 Mo., 375; State vs. Baker, 19 Mo., 683; State vs. Wishon, 15 Mo., 504.)

*Nathan Bray*, for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

The defendant was indicted for stealing a bond issued by the county of Lawrence for and on account of Pierce Township, of that county, payable to the Northwestern Railroad Company or bearer, at the National Park Bank in the city of New York, which bond is alleged in the indictment to be the property of the county of Lawrence.

The defendant moved to quash the indictment for several reasons, but the only one relied on here, is that the bond was not the property of Lawrence County, as appeared from the face of the bond and indictment. This motion having been sustained by the Circuit Court, the State excepted, and has brought the case here by writ of error.

A motion has been filed to dismiss the writ of error upon the alleged ground that a case of this sort can only be brought here by the State by appeal, and that a writ of error will not lie at the suit of the State. This point was before this Court in the State vs. Newkirk, 49 Mo., 472, and State vs. Peck, *ante* p. 111, 1872, and we held that in this sort of case where there had been no trial and acquittal, the State might bring the case here by writ of error, under § 2, W. S., 1112. The State might also bring the case here by appeal under §§ 13 and 14, 2 W. S., 1114. But these provisions for an appeal do not prohibit a writ of error. The only difference is, that when an appeal is allowed the defendant may be held in custody or required to give bail; but if a writ of error be resorted to, he would be discharged till the case was determined, and if reversed and remanded for a trial, he might again be arrested on a writ issued for that purpose.

The motion to dismiss the writ will be overruled.

The point that the stolen bond was not such property as could be owned by the county of Lawrence, is not tenable. Although it was in reality a township bond; that is the township was the real debtor in this bond, yet the county could become the owner of the bond, and would be the owner as trustee, till the bond was delivered to the railroad company or some purchaser thereof. United States bonds, and county bonds, or township bonds like this, payable to the railroad company or bearer, are personal property, and pass by delivery. They are not simply choses in action, but such property as may be levied on and sold like other personal property under execution, and like other personal property, have their *situs* wherever they may be placed for safe keeping.

The indictment charges that the bond in dispute was the

property of the county; whether it was so or not would depend upon the facts to be developed in the trial. If the county was the owner in fact, or held it as the lawful custodian for delivery on certain contingencies to the railroad company, then for the purposes of this indictment, the county must be held to be the owner. There is nothing in the doctrines laid down by this court in State of Missouri, *ex rel.*, N. M. Cent. R. R. Co. vs. Linn County Court, 44 Mo., 504, which militates against these views.

Let the judgment be reversed and the cause remanded. The other judges concur.