## In re Smith.

Where an indictment contained two counts, and a *nolle prosequi* was entered as to one and the other quashed, *held*, that although the indictment, as such, was *functus officio*, yet it remained as a sworn accusation upon which the court was warranted in remanding the prisoner to answer a new indictment.

Petition for *habeas corpus*. The case is stated in the opinion.

Mr. E. P. Jacobson, for petitioner.

C. W. Wright, Attorney-General, for respondent.

Thatcher, C. J.    It appears from the pleadings, that the petitioner, Simon G. Smith, was indicted at the last January term of the district court of Arapahoe county. The indictment contained two counts, one charging him with larceny, the other with embezzlement. The petitioner had

fled to Missouri. Upon a requisition of the governor of this State on the governor of Missouri, and proceedings had in pursuance thereof, the accused was brought to this city and confined in jail to await his trial.

As to the count in the indictment charging embezzlement a *nolle* was entered. As to the count charging larceny, the petitioner moved the court to quash the same on various technical grounds, which motion was allowed.

The petitioner being discharged by order of court " from the premises in said indictment," he could no longer be put upon his trial thereon, unless, perhaps, upon the *nolled* count, if by leave of court upon the prosecuting attorney's motion, a fresh *capias* should issue, and the *nolled* count be thus revived. 1 Chitty's Cr. Law, p. 480* ; *State* v. *Thornton*, 13 Ired. 257.

Then follows this order of the court:

"And whereupon it is so ordered by the court that the said defendant be let to bail in the sum of six hundred dollars to answer unto any indictment that may be found against him by the next grand jury of this county ; and that in default of giving such bail he be remanded to the custody of the sheriff to await the action of said grand jury."

Although, except in the respect above indicated, the indictment, *as such*, was *functus officio ;* although the petitioner could no longer be called upon to plead to it as an indictment, it nevertheless remained as a sworn accusation against the petitioner, affording *prima facie* evidence of probable guilt, upon which the district court was warranted in remanding him to answer a new indictment formally drawn and more specifically describing the particular crimes charged. This is a power which courts in this State are constantly exercising, and it is perhaps safe to say, that a court having cognizance of an offense has power to commit for it as a court, and the judge need not, therefore, for that purpose come down from the bench and act in his character as an examining magistrate. 1 Bishop's Cr. Proc., § 229, *note*, giving opinion of Chief Justice MARSHALL on this

point in *United States* v. *Burr.* Even where the prisoner
is acquitted for a flaw in the indictment, he may be re-
manded to be tried at the next term on a new indictment.
*United States* v. *Smith*, 2 Cranch's C. C. R. 111. In the case
of *Gooden* v. *The State*, 35 Ala. 432, the court says : "Inde-
pendent of statute, the circuit courts possess the undoubted
power, where the judgment in a criminal case is arrested,
and a *nolle prosequi* is entered by the State, to bind the
defendant over to appear at the circuit court of the proper
county to answer a new indictment for the same offense."
See, also, *Nicholls* v. *The State*, 5 N. J. L. 626 ; *Peter* v.
*The State*, 3 How. (Miss.) 433.    Bishop, in his Criminal
Procedure, § 229, says : "If an indictment is pronounced
bad, the judge is not necessarily obliged to let the defend-
ant go ; but he may commit him, or hold him to bail to
answer to a fresh indictment ; or he may order the officer to
take the prisoner before a justice of the peace to be pro-
ceeded against on fresh complaint."

We are satisfied that the court under the circumstances
was clothed with authority to make the very order it did,
unless the fact that the petitioner was brought into this ju-
risdiction from Missouri, whither he had fled, operates to
divest the court of such authority.

It is contended that the moment one count in the indict-
ment was quashed, and a *nolle* entered as to the other, the
prisoner was entitled to return to the jurisdiction from
which he was brought against his will ; that under the Con-
stitution of the United States (article 4, § 2) and the laws
thereof (Revised Statutes U. S., § 5278), the court could
not, without violating inter-State rights, remand the peti-
tioner to answer to a fresh indictment. The question
whether a fugitive from justice having been brought into
this State on the charge of having committed certain speci-
fied crimes can be held to answer other charges, is not pre-
sented. The reasonable interpretation of the court's order
is, that the petitioner shall be held to answer a fresh indict-
ment, correct in form, charging the same crimes, for the

alleged commission of which he was before indicted. That he can be held to answer the same charge for which he was extradited the same as if a citizen, we have no doubt. The demurrer to the plea interposed to the sheriff's return is sustained, and the petitioner is remanded.