## In the Matter of Jerry Murphy and Jerry Spillane.

St. Louis Court of Appeals, June 10, 1886.

1. Statutes—Construction of—Costs.—Statutes, relating to the costs in any action, must be strictly construed.

2. ———— Circuit Attorney's Fees—Conviction of Two Defendants.—In a conviction of two defendants under one indictment, where there is but one finding and one judgment, the circuit attorney is entitled to but one fee, under the statute.

Application for *habeas corpus*.

*Petitioners discharged from custody.*

H. Brumback, for the petitioners.

W. B. Skinner, contra.

Thompson, J., delivered the opinion in vacation.

An application was presented to the undersigned, by the above named petitioners, after the adjournment of the court, for the term, praying to be dislarged by *habeas corpus* from the custody of the sheriff of Lawrence county, by whom the petitioners allege they are illegally held in custody, under a warrant issued by a justice of the peace of said county, directing their imprisonment in the county jail of said county, under a judgment rendered by the said justice in a prosecution for a misdemeanor for the non-payment of a portion of the costs taxed against them under the judgment. The application was accompanied by a stipulation of the sheriff of Lawrence county, submitting the matter to the jurisdiction of the court (then supposed by the parties to be in session), without the formal issuing of a writ of *habeas corpus* and the consequent expense of bringing the prisoners

from that county to St. Louis, a distance of about two hundred and ninety miles, and making a return as though a formal writ had been issued and served upon him. It was shown that the circuit judge was not within the county when the application was presented to me. I required notice to be given to the prosecuting attorney of Lawrence county, and a stipulation was made that he and the petitioners should have a certain time in which to file briefs. A written argument has now been filed on behalf of the petitioners, and, also, by the prosecuting attorney of Lawrence county.

There is no question as to the facts, and the parties agree upon the point of law upon which the supposed right to imprison the petitioners depends. They were jointly proceeded against by information for a misdemeanor, before a justice of the peace, were jointly tried before a jury, jointly convicted, and adjudged to pay a fine of twenty-five dollars and costs. They paid the fine and what they were advised were all the costs, including a single fee of five dollars for the prosecuting attorney. The justice of the peace had taxed a fee of ten dollars for the prosecuting attorney, or a fee of five dollars in respect of each defendant; and for the non-payment of the remaining five dollars, he issued his warrant of commitment, under which the petitioners are now held. If the prosecuting attorney was entitled to a fee of five dollars, in respect of each defendant, it is agreed that the warrant was properly issued; if not, it is agreed that the prisoners ought to be discharged by *habeas corpus*.

The question depends upon the meaning of the following clause in section 5596, of the Revised Statutes, prescribing the fees of prosecuting attorneys: "For convictions in the circuit court, upon indictment, or before a justice of the peace, upon information, when the punishment assessed by the court, or jury, or justice, shall be fine, or imprisonment in the county jail, or both such fine and imprisonment, $5.00." The question in the narrowest form of statement is, whether the

word "conviction" in the above clause is to be interpreted as meaning a *judgment*, in favor of the state, in a criminal case, upon the merits, irrespective of the number of defendants against whom it is jointly rendered, or such a judgment in its operation against each of several defendants, rendered upon a single information, and after a single trial.

I am of opinion that the former is· the correct view of the meaning of the statute.   There seems to be no direct authority upon the question in this state, and none has been cited to me from any other state.   But the case being, to say the most in favor of the view of the prosecuting attorney, one of doubt, would be subject to the rule that all statutes in reference to costs must be strictly construed.   *Shed v. Railroad*, 67 Mo. 687. Moreover, a strong analogy in favor of the view that the circuit attorney is entitled to a single fee only, is found in two decisions in this state, to the effect that, where a judgment is rendered, in a criminal case, in favor of the state, upon an indictment which contains several counts, the prosecuting attorney is entitled to but one fee, and not to a separate fee for each count.   *The State v. Peck*, 51 Mo. 111 ; *Ex Parte Craig*, 19 Mo. 337.   The former of these cases involved a construction of the precise clause of the statute now under consideration, and it was said by Adams, J., in giving the opinion of the court, that "the language here used precludes the idea of several fees to be allowed in one case.   The indictment forms but one case.   There is but one verdict, and one conviction.   The defendant, by one verdict and judgment, is convicted of several offences."   The learned judge also reasoned that there was no difference in its effect upon this question between the clause of the statute now under consideration, and the next clause of the same section under which the decision in *Ex Parte Craig* was rendered, and that that decision governed· the question. In that decision, in the opinion of the court, very similar language is used :   "The fee allowed is for a con-

viction in any case.    This means the whole case between the state and the defendant, in which there is a conviction.    Where there are several counts in an indictment, a conviction may be upon one or more, or upon all of the counts; but it is only one conviction, one verdict, and one judgment.    The circuit attorney, in such a case, is entitled to one fee of eight dollars, and no more.    Here there was a conviction of a prisoner on two counts, but it was only one conviction." This reasoning seems to be decisive of the present case.    I can conceive of no substantial distinction, so far as it can affect this question, between a conviction of one defendant upon two counts and a conviction of two defendants upon one count.    It may be said with equal propriety in either case, as was said by Adams, J., in the language above quoted, that "The indictment (or information) forms but one case; there is but one verdict and one conviction." In that case, as the learned judge continued to reason, "the defendant, by one verdict and judgment, is convicted of several offences."    And in this case, it may be reasoned on quite analogous grounds, that the defendants, by one verdict and judgment, were convicted of one offence.    The question clearly appears to be whether there was more than one prosecution, one trial, one verdict, one judgment.    If there was, then the prosecuting attorney is entitled to a separate fee in each case; if there was not, then he is entitled to but one fee.

The case of *The State v. McO'Blenis* (21 Mo. 272), to which I am cited by the prosecuting attorney, is not in point.    The question there related to the apportionment of the costs among several defendants, and not to the amount of *fees* taxable in favor of the state's officers.

The prosecuting attorneys are a meritorious class of officers; their services, when conscientiously and skilfully rendered, are of great benefit to society.    No judge or accounting officer will show any disposition to deny them the fees to which they are lawfully entitled.   But

there is a tendency on the part of the most conscientious officer, insensibly to fall into the habit of taking fees for services which are *constructive* merely. But the statute contemplates the payment of fees for actual services only. The payment of fees beyond this is illegal and is to be discountenanced. An officer who makes a journey to serve a writ upon two defendants at the same place is entitled to mileage in but one case, unless the statute provides otherwise, because he has performed but one journey. A clerk of a court of record, who enters a judgment against several defendants is entitled to but one fee, because he has performed but one act of service. So, in this case, the prosecuting attorney has performed but one act of service. He has drawn but one information and has represented the state at but one trial, which has resulted in but one judgment or conviction. He has rendered substantially the same service which he would have rendered if the information had been filed against one of the defendants, and a trial had taken place thereon, resulting in a conviction. Any reasoning, which entitles him to a duplication of his fee, would entitle the jury to double fees for serving at the trial, and the justice to a double fee for entering the judgment. The case can not be *one* case for every purpose except that of the fees of the officers, and *two* cases for that.

The commitment under which these petitioners are held in custody has, therefore, been issued in a " case not allowed by law," within the meaning of section 2650, Revised Statutes, and their detention thereunder is illegal. It is accordingly ordered that they be discharged from custody. The clerk of the court will certify a copy of this order to the sheriff of Lawrence county.