*In re* JOHN R. GREEN, Clerk of the Circuit Court of Ray County, Petitioner.

**Kansas City Court of Appeals, April 14, 1890.**

1. **Costs:** STATUTORY ONLY: CONSTRUCTION.   *Costs* can only be recovered where expressly authorized by statute; and all statutes relating to costs must be strictly construed.

2. **Penalty:** CIVIL ACTION: COSTS.   An action against a railroad company to recover the penalty prescribed by section 806, Revised Statutes, 1879, is a civil action and in its nature *qui tam;* and costs should be taxed according to the statute relating to costs in civil' and not in criminal, cases.

3. ———: ACTION FOR, HOW BROUGHT: TAXATION OF COSTS.   The action for such penalty under said section should be brought in the name of the state at the relation of the prosecuting attorney, on the information of the informer, and against the railroad company ; and, in case the action is unavailing, the informer, who is the real actor and the party beneficially interested in the suit, should pay the costs.

*Petition for Mandamus.*

WRIT DENIED.

*Thos. N. Lavelock*, Prosecuting Attorney, for the county.

*James E. Ball*, for the relator.

PER CURIAM.— This is a proceeding commenced here by *mandamus* to compel the judge of the circuit court and prosecuting attorney of Ray county to certify a certain bill of costs for payment under section 2108, Revised Statutes, which accrued in a certain civil action begun by said prosecuting attorney in the name of the state to the use of Ray county, on the information of a resident and citizen of said county, against the Wabash Western Railway Company, under section 806, Revised Statutes, and in which said action the said railway company had judgment. The single question presented for our decision is whether the county of Ray is liable for the costs adjudged in favor of said railway in the action referred to.

This question must be determined by the light of the statute. It must be remembered that costs can only be recovered where expressly authorized by statute. And, further, that all statutes relating to costs must be strictly construed. *Shea v. Railroad*, 67 Mo. 687; *In re Murphy & Spillane*, 22 Mo. App. 476.

This was a civil action, though of a criminal nature (*State v. Railroad*, 30 Mo. App. 494), for a penalty brought in the name of the state to the use of Ray county, upon the information of a private citizen, and was in its nature *qui tam.*

If there had been a recovery against the railroad company of the penalty sued for, one-half thereof would have been adjudged to the county and one-half to the informer. This was not a procedure, either by indictment or criminal information, and the provisions of chapter 25, Revised Statutes, relating to costs in criminal cases, have not the slightest application to the case. If the county is liable at all, it must be under the provisions of chapter 22, Revised Statutes, which relates to costs in civil cases. Section 1005 of said chapter provides that, when any suit or proceeding instituted in the name of the state or any county, on

In re Green.

the relation or in behalf or for the use of any private person, the person for whose use the suit is brought shall be held liable for the payment of all costs.

We think the suit in which said bill of costs accrued should have been brought in the name of the state at the relation of the prosecuting attorney of Ray county, on the information of George McMullen, informer, against said railway, instead of the manner in which it seems to have been brought. If it had been instituted, as undoubtedly it should have been, then no question as to the non-liability of the county for the payment of the costs therein could have arisen under the statute, which, in express terms, provides that, where a suit is brought in the name of the state on the relation or in behalf or for the use of a private person, the person for whose use the action is brought shall be held liable for the payment thereof. In looking at the statute, section 806, and the information in case in which the said bill of costs accrued, and it becomes quite plain that the informer, who was entitled to one-half of the penalty sued for, was the real actor in the case. He was the " power behind the throne," through whose agency, primarily, the machinery of the law was set in motion for the purpose of recovering the penalty. He was the party beneficially interested in the suit, and should pay the costs for his false information, if such be made. These suits are oftentimes brought for speculative or vexatious purposes, and they should not be prosecuted at the risk or expense of the public. The prosecuting attorney need not bring them until proper security for costs is given, but whether it is given or not the statute is not broad enough in its terms to authorize us to hold the county, though erroneously made a party in said case, liable for the payment of the costs therein. The peremptory writ of *mandamus* must be denied. All concur.