[No. 16802.  *En Banc.*  April 12, 1922.]

# THE STATE OF WASHINGTON, *on the Relation of Alfred Anderson, Plaintiff,* v. A. L. CALLAHAN, *as Sheriff of Whatcom County, Respondent.*[1]

CRIMINAL LAW (399)—INDICTMENT AND INFORMATION (87)—DEMURRER—OPERATION AND EFFECT OF ORDER SUSTAINING—APPEAL—SUPERSEDEAS. Upon the state's appeal from an order sustaining (with leave to amend) a demurrer to an information for first degree murder, a non-bailable offense, the accused is not entitled to a discharge, where the information did not contain matter constituting a defense or bar; as the case comes within Rem. Code, § 2103, providing that if a case be resubmitted, the defendant, if in custody, must remain so, unless bailed; in view of § 2106, providing that the order is final only if the information contains matter which is a legal defense or bar, and § 2313, providing for a discharge only in case the case is dismissed, and of §§ 1075 and 1076 prohibiting a discharge from a judicial commitment if the term has not expired, or for any defect or want of probable cause, except upon investigation upon which the prisoner may be recommitted or admitted to bail.

INDICTMENT AND INFORMATION (87)—HABEAS CORPUS (15, 24)—DISCHARGE—POWER OF COURT. In habeas corpus proceedings to release accused, held in custody under a warrant for a non-bailable offense, the information does not become *functus officio* by the sustaining of a demurrer, with leave to amend, in view of the fact that our statutory provisions do not contemplate a discharge until the case is dismissed, and of the inherent power of the court to commit persons judicially before them, and in view of Rem. Code, § 2103, providing that, if the case be resubmitted a defendant in custody shall remain so.

CRIMINAL LAW (188)—TIME FOR TRIAL—DISCHARGE FOR DELAY—WAIVER. Upon the state's appeal from an order sustaining a demurrer to an information with leave to amend, the accused waives the statute requiring that he be brought to trial within sixty days, and cannot complain of a denial of a speedy trial guaranteed by Const., art. 1, § 21, where he failed to apply for a trial within sixty days, but only demanded his discharge.

PARKER, C. J., dissents.

[1]Reported in 206 Pac. 13.

Application filed in the supreme court September 26, 1921, for a writ of *habeas corpus* to release a person held in custody upon a charge of murder. Denied.

*Sather & Livesey* and *Harry C. Barney,* for relator.
*Loomis Baldrey,* for respondent.

HOLCOMB, J.—This is an original application for a writ of *habeas corpus.*

The relator is restrained of his liberty in the county jail of Whatcom county, pursuant to a warrant of arrest based upon information charging him with the crime of murder in the first degree, alleged to have been committed July 28, 1921. He has been in custody in jail since that date.

A demurrer to the information was filed by him, and submitted to the trial court on August 18, 1921, and a decision rendered thereon August 26, the order on which was as follows:

"On this 26th day of August, 1921, this cause came regularly on for hearing by the court on demurrer, and after hearing said demurrer and the argument of counsel, and the court being fully advised in the premises, it is by the court ordered that the said demurrer be and the same is hereby sustained, and the prosecuting attorney is hereby permitted to file a new information, to which the state excepts, and its exception is noted."

The prosecuting attorney elected to stand upon the information and appeals from the order sustaining the demurrer.

Relator contends that, having elected to stand upon the information and appeal from the order, the order has become final, and the prisoner is entitled to his discharge. Bishop's New Criminal Procedure (4th ed.), vol. 1, p. 460, is quoted as follows:

"When the judgment is for defendant, on demurrer to the indictment, the judgment is 'that he be dismissed and discharged from the premises.'"

It is therefore insisted that the order having become final, the judgment of the court to the effect that the prisoner was being held on a defective information entitled him to his liberty, since the state elected to appeal. It is admitted, however, that the lower court had a right to refrain from discharging relator from custody until the state had an opportunity to file a new and proper information.

Respondent and the prosecuting attorney rely upon the statute, Rem. Code, § 1716, subd. 7 (P. C. § 7290), which reads as follows:

"But an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or in some other material error in law not affecting the acquittal of a prisoner on the merits."

Against this relator urges that no provision is found in our criminal code, nor in the statutes on appeal, which provides for a stay of judgment in the lower court in a criminal case upon appeal by the state, and cites *State v. Fenton,* 30 Wash. 325, 70 Pac. 741, and *State ex rel. Shattuck v. French,* 82 Wash. 330, 144 Pac. 28, where we held in effect that the statutory provisions for a stay in either a civil or criminal action are found in the statutes, and neither contemplate a stay in a case of this kind. See, also, *State v. Miller,* 72 Wash. 154, 129 Pac. 1110; *State v. Poole,* 64 Wash. 47, 116 Pac. 468. In the *Shattuck* case, *supra,* this language is used:

"The legislature, by its failure to provide for a stay of the order discharging a prisoner in any case on an

appeal by the state, has, in effect, declared the remedy by appeal an adequate remedy notwithstanding the prisoner's release. If we entertain the writ of review in this case on the ground of inadequacy of the state's remedy by appeal, then we must, for the same reason, entertain it in every case where a prisoner is discharged on demurrer to an information, or for lack of jurisdiction, or for any other reason involving 'material error in law not affecting the acquittal of a prisoner on the merits.' The legislature, by giving the right of appeal in all such cases, must be presumed to have considered that remedy adequate in at least some case to which it would apply.''

It will be observed that the language used in that case was used with reference to the adequacy of the state's remedy by appeal in such a case, and not particularly to the prisoner's right to release. That case was one where the prisoner had not been brought to trial within the statutory period of sixty days after the filing of the charge against him, and the trial court had decided that the prisoner should be released for the reason that the crime charged was a misdemeanor, and the prisoner had been confined in jail for more than sixty days, and that the state was barred by statute from any further prosecution for the same offense.

Section 2103, Rem. Code (P. C. § 9156), provides:

''If the court direct that the case be resubmitted, the defendant, if already in custody, must so remain, unless he be admitted to bail; or if already admitted to bail, or money has been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment or information.''

Section 2310, Rem. Code (P. C. § 9141), provides:

''Every person charged with an offense, except that of murder in the first degree, where the proof is evi-

dent or the presumption great, may be bailed by sufficient sureties, . . ."

Upon an application by relator to be admitted to bail in the court below, the trial court refused to admit him to bail, stating, as shown in the return to the writ herein, that the accused failed to show that the crime charged comes within the provisions of the statute, being § 2310, Rem. Code (P. C. § 9141).

The effect of the court's order was to resubmit the case as provided in Rem. Code, § 2103.

Section 2106, Rem. Code (P. C. § 9159), provides:

"If the demurrer is sustained because the indictment or information contains matter which is a legal defense or bar to the action, the judgment shall be final, and the defendant must be discharged."

But the trial court specifically stated, as shown in the answer of respondent to relator's supplemental petition, filed herein, that the demurrer was not sustained upon that ground, but was sustained upon the ground that the information does not substantially conform to the requirements of the code; or that more than one crime is charged under the provisions of § 2105, Rem. Code (P. C. § 9158).

The trial court, at the hearing on the application to discharge the prisoner, suggested that the appeal was premature and without right, and that the accused should move in this court to dismiss the appeal. Relator also alleged in his original petition that the appeal was premature and without right; and it may be that it is, since there has been no final judgment of dismissal granted in the case and nothing but an order sustaining the demurrer to the information. That matter, however, is not for us to decide at this time.

The simple situation here is that the trial court has ordered the resubmission of the case upon another

information. Meantime the relator is being held under a warrant issued under an information the validity of which has not yet been finally tested; and the statute heretofore quoted requires that the accused, being in custody and not for a *prima facie* bailable offense, must so remain unless he be admitted to bail upon a proper showing.

The judges of the superior court are among the conservators of the peace. They may commit persons before them when the occasion for it judicially appears. Without the aid of statute, our judges have the same statutory authority over this matter as the English. It was so held by Chief Justice Marshall in *United States v. Burr,* 1 Burr's Trial, 79 (Fed. Cas. No. 14,692b). Bishop's New Criminal Procedure, § 229.

Our criminal code does not contemplate the discharge of a defendant in a criminal prosecution unless the prosecution is to be dismissed.

Section 2313, Rem. Code (P. C. § 9144), reads as follows:

"Whenever the court shall direct any criminal prosecution to be dismissed, the defendant shall, if in custody, be discharged therefrom, or if admitted to bail, his bail shall be exonerated, . . ."

In *In re Graves,* 61 Ala. 381, in a hearing upon an application for mandamus to compel the lower court to discharge a prisoner, the relief was denied, and the court said:

"We can not assent to the proposition, that whenever a demurrer is sustained to an indictment, or it is quashed or otherwise vacated, the person against whom it was preferred is, in every such case, to be discharged. The presentment of a grand jury is always sufficient authority for the issue of a *capias* or warrant of arrest for the person accused, and for detaining him in custody, if not enlarged upon bail, to answer

for the offense charged. The law, upon such a finding
of the grand jury, makes it the duty of a court to hold
him for trial upon the indictment. . . . When the in-
dictment is quashed for a reason not touching the ques-
tion of their guilt or innocence, they cannot be con-
sidered as vindicated; nor is the effect of the present-
ment of the grand jury so destroyed, that, looking both
to the safety of the public and the rights of individuals,
it would be unjust to hold persons so accused of crime,
bound to appear to answer another indictment there-
for, free from the defects of the first. This is implied,
indeed, by the provision of the statute, that the court
may in such a case 'order another indictment to be
preferred for the offense charged or intended to be
charged,' either 'at the same or a subsequent term.'
The authority to refer the matter again to a grand
jury, imports that although the instrument quashed
be vacated as an indictment, it may be good as an
affidavit or report of the grand jury that the party
accused had committed the offense with which he is
charged. By declaring the power in a court to require
inquisition by another grand jury, the statute recog-
nizes it as possessing the corresponding authority of
holding the supposed culprit to answer to their pre-
sentment."

In *Gooden v. State,* 35 Ala. 430, a prosecution was
standing on a change of venue for a crime committed
in Randolph county to Talladega county. Judgment
was arrested for defects in the indictment and a vol-
untary dismissal entered. Thereupon the court bound
the accused by recognizance for his appearance to
answer another indictment to be preferred against
him for the same offense at the next term of the circuit
court of Randolph county. The supreme court, on
appeal, said:

"Independent of statute, the circuit courts possess
the undoubted power, where the judgment in a criminal
case is arrested, and a *nolle prosequi* is entered by the
State, to bind the defendant over to appear at the

circuit court of the proper county to answer a new indictment for the same offense.''

See, also, *Crumpton & Walker v. State*, 43 Ala. 31; 2 Wharton's Criminal Procedure, § 1320; *State v. Newkirk*, 49 Mo. 472; *State v. Peck*, 51 Mo. 111; *State v. Cunningham*, 51 Mo. 479.

The reasoning in the above cases applies here under our statutes.

In *In re Smith*, 4 Colo. 532, a *habeas corpus* proceeding, upon the quashing of an indictment for defects, the trial court ordered:

"That the said defendant be let to bail in the sum of six hundred dollars to answer unto any indictment that may be found against him by the next grand jury of this county; and that in default of giving such bail he be remanded to the custody of the sheriff to await the action of said grand jury."

In refusing to discharge the prisoner, the supreme court of Colorado said:

"Although, except in the respect above indicated, the indictment, *as such*, was *functus officio*; although the petitioner could no longer be called upon to plead to it as an indictment, it nevertheless remained as a sworn accusation against the petitioner, affording *prima facie* evidence of probable guilt, upon which the district court was warranted in remanding him to answer a new indictment formally drawn and more specifically describing the particular crimes charged. This is a power which courts in this State are constantly exercising, and it is perhaps safe to say, that a court having cognizance of an offense has power to commit for it as a court, and the judge need not, therefore, for that purpose come down from the bench and act in his character as an examining magistrate."

Citing: 1 Bishop's Criminal Procedure, § 229, note; *United States v. Burr*, 1 Burr's Trial, 79; *United States v. Smith*, 2 Cranch, C. C. (U. S.) 111; *Gooden v.*

*State,* 35 Ala. 430; *Nicholls v. The State,* 5 N. J. L. 626; *Peter v. The State,* 3 How. (Miss.) 433.

In this state, where prosecutions are generally by information instead of indictment, the prosecuting attorney is charged with the duty and clothed with the power of the grand jury in other jurisdictions. His information is a sworn charge. By reason of our statute allowing an appeal in such a case, his information has not yet become *functus officio.* A warrant was issued under it, and the respondent took custody of the prisoner under and by virtue of that sworn charge. He still retains custody of the prisoner under the same authority. The prosecution has not been dismissed as contemplated by the statute. A sworn charge for a major offense still exists against the prisoner. It is still pending. The trial judge did not order the release of the prisoner. He is still within the jurisdiction of the trial court. Another information may be filed against the prisoner for the same substantive offense and the prisoner will be required to proceed to trial thereunder.

There being nothing in the information, as the court found, which could be construed as a legal defense or bar to the action, the court was warranted in refusing to discharge the relator. In fact, if he had discharged the relator, as the situation was and is, it would have been error. *State v. Bodeckar,* 11 Wash. 417, 39 Pac. 645. In that case we held that, where an information is found insufficient upon demurrer, unless the demurrer is sustained because the information contains matter which is a legal defense to the action, it is error for the court to discharge the defendant from custody.

Another statutory provision which may have some bearing upon the question before us is § 1076, Rem. Code (P. C. § 8040), providing:

"No person shall be discharged from an order of commitment issued by any judicial or peace officer for want of bail, or in cases not bailable on account of any defect in the charge or process, or for alleged want of probable cause; but in all cases the court or judge shall summon the prosecuting witnesses, investigate the criminal charge, and discharge, admit to bail, or recommit the prisoner, as may be just and legal, . . ."

Section 1075, Rem. Code (P. C. § 8039), also provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:— . . .
"3.  Upon a warrant issued from the superior court upon an indictment or information."

This section also would seem to prevent the granting of the writ of *habeas corpus* in such cases as this; since the relator is being held upon a warrant issued from the superior court upon an information, even though the information upon which it was issued has been held defective, but not fatally defective, and the case ordered resubmitted and the relator recommitted to custody.  See *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042, and *In re Parent*, 112 Wash. 620, 192 Pac. 947.

Relator also contends that he is being denied the benefit of § 21, art. I, of the constitution of Washington, guaranteeing to accused persons a speedy trial by an impartial jury, etc., which was by § 29 of the same article declared mandatory and has been so held by this court.

It is alleged in a supplemental petition filed by relator that relator, through his counsel, on August 27, 1921, stated to the trial judge that relator was

desirous of having his case tried by a jury in the September jury session of the superior court; but respondent, in his answer and return to the supplemental petition, denies such allegation and sets forth what is alleged to be a complete statement of everything that transpired on that day before the court below. In those proceedings there is nothing to show that relator demanded a trial at that time, but that he demanded his discharge. While it is true that sixty days have more than elapsed since August 27, 1921, there is no record here showing that any application has been made to the trial court for a trial within sixty days by relator; and we have held, in *State v. Miller,* 72 Wash. 154, 129 Pac. 1110, that this right of the accused is waived by failure to ask for a trial, and acquiescence in the delay until the case has been set for trial upon the request of the state, where the state did not act arbitrarily and had a plausible excuse for the delay. We cannot say that the state did not have a plausible excuse for appealing from the order in the relator's favor upon the demurrer interposed by relator to the information, which demurrer apparently is the cause of the delay. Under the circumstances, as shown by the record here, we are of the opinion that the relator is not in position to urge this claim.

We conclude, therefore, that, under the facts shown in this case, the prisoner is not entitled to his discharge at this time.

Writ denied.

MACKINTOSH, HOVEY, and TOLMAN, JJ., concur.

FULLERTON, J. (concurring)—I concur in the conclusion reached in the foregoing opinion, but I cannot concur in the reasoning by which the conclusion is reached. After a demurrer has been sustained to an

indictment or information on grounds which do not go to the merits of the accusation against the accused, I have no doubt of the power of the court to remand the accused to await the return of another indictment or the filing of another information. This is a just inference from the statutes; even if it is not among the inherent powers of the court. But the case in hand is not this. Here the prosecution was by information, and when the demurrer was sustained thereto the prosecuting attorney announced that he would stand on the information, and gave notice of appeal from the judgment of the court. This was a refusal to file a new information, and, in my opinion, the court had but one of two courses to pursue; it could either remand the defendant and appoint a special prosecutor to conduct his prosecution, or it could have discharged the defendant. The court did not adopt in full either of these alternatives; it remanded the defendant without providing a means by which he could speedily be brought to trial. In this I think the court erred, but it is an error in procedure only, and is to be corrected by some one of the means provided by statute for correcting errors in procedure. *Habeas corpus,* as I understand its governing principles, is not such a remedy, and I therefore concur in the conclusion that the defendant is not entitled to a discharge under the writ now before us.

MITCHELL and BRIDGES, JJ., concur with FULLERTON, J.

PARKER, C. J. (dissenting)—I am unable to concur in the conclusion reached by either of the foregoing opinions in this case. I readily agree that, when a person is held in custody by virtue of a commitment of a court of competent jurisdiction issued in pursuance of a final judgment of conviction rendered by such

a court, *habeas corpus* is not a remedy available to him. I am of the opinion, however, that, when a person is held in custody merely to answer a criminal charge, and seeks his release from such custody by *habeas corpus* proceedings in a court of competent jurisdiction, the court may search the whole record of the proceedings upon which he is so held, with a view of determining the legality of his detention. I think that, when the record of the proceedings upon which the right and power of the sheriff to hold relator in custody is so searched, it shows that he is illegally held in custody and entitled to be discharged. For these briefly expressed reasons, which I do not deem it at present necessary to enlarge upon, I dissent.