Dear Mr. Kempton:
This letter is in response to your question asking:
 "When an action pursuant to Section 195.145 RSMo. is determined in favor of the Respondent and the costs of storage are taxed against the State of Missouri, who is liable for the costs incurred during the pendency of the action for storage of the automobile which is the subject of the action?"
You further state:
 "On February 24, 1977, an automobile was seized by two Sedalia Police Officers, John Fillicetti and Ronald Hoskins, in Pettis County, Missouri, pursuant to Chapter 195.145 of the Revised Statutes of the State of Missouri. At the time of the seizure of the vehicle, the owner of said vehicle was arrested for the offense of sale of a controlled substance which was alleged to have taken place in the automobile seized.
 "On March 9, 1977, a Petition was filed in the Circuit Court of Pettis County, Missouri, styled State of Missouri ex rel John Fillicetti Ronald Hoskins, Relators, vs. George Wolf, Respondent, seeking to declare the automobile seized a common nuisance and for an order of its sale. Thereafter, on April 29, 1977, a trial was had to the Court and the Court ordered the vehicle returned to the respondent. The Court further ordered the costs of storage taxed against the State of Missouri. These proceedings were had in Case No. 33631 in the Circuit Court of Pettis County, Missouri.
 "From the time of its seizure until the Order for the vehicle's return entered on April 29, 1977, the vehicle was stored by Broadway Texaco of 2602 West Broadway, Sedalia, Missouri 65301. Broadway Texaco thereafter tendered a bill to the Pettis County Clerk and the Prosecuting Attorney of Pettis County, Missouri, for the costs of towing and storage of the vehicle seized by the police officers on February 24, 1977, which was the basis of the action noted herein. The bill recited a towing charge of $25.00 and storage for 65 days at the rate of $10.00 per day, for a total of $675.00."
First of all, we would like to point out that there seems to be good reason to question the reasonableness of the rate charged for the storage. Clearly, even if the property had been subject to forfeiture and sale, only reasonable costs of storage could have been paid.
The basic rule with respect to court costs is that such costs can be recovered only where expressly authorized by statute and that all statutes relating to cost should be strictly construed. In reGreen, 40 Mo.App. 491 (1890). The docket entries which you have furnished us do not indicate any taxation of court costs. In any event, such costs could not be taxed against the state. See our Opinion No. 70, dated February 1, 1954, to Peters, copy enclosed.
As you have noted, subsection 7 of Section 195.145, RSMo, expressly provides that under no circumstances shall the officer commencing the action on behalf of the state be liable for any costs or storage. You have indicated that you believe that Section514.210, RSMo, should be read in conjunction with Section 195.145.7. However, it is our view that Section 514.210, RSMo, is not applicable. Further, there is nothing in Section 195.145 or elsewhere which would impose the costs of storage on the "local enforcement agency for which the officer is acting" as you suggest. We do not determine whether the city is liable for the costs of storage under any other theory. While we find no cases to guide us in an interpretation of Section 195.145 or the similar section with respect to the liquor laws, Section 311.840, RSMo, it is our view that neither the officers involved nor the city would be responsible for the towing charges incurred under the provisions of Section 195.145.
You indicate that there was no "judgment" of the court other than as shown in the court's docket entries. Of course, such a docket entry is not a "judgment" from which an appeal may be taken notwithstanding its cognomination as a "judgment". Grayv. Bryant, 557 S.W.2d 489 (Mo.Ct.App. at Spr. 1977). A docket entry dated May 29, 1977, indicates that the court ordered the costs of storage taxed against the State of Missouri.
We know of no authority for the taxation of such costs against the State of Missouri and know of no authority for the payment of such costs out of any fund by the State of Missouri or by the county. The only authority for the payment of costs of storage, which necessarily would have to be reasonable would be under subsection 4 of Section 195.145 upon a finding that the property was to be sold. Since such was not the case in this instance, we know of no authority for the payment of such costs of storage.
If such property had been sold, the proceeds of the sale would be required to be paid into the county school fund. See our Opinion No. 192-1974, enclosed. It appears clear that, as we have indicated, even where a forfeiture is ordered the proceeds should not be subjected to unreasonable depletion. The situation presented here suggests that such cases in the future should be handled so as to minimize deductions and to preserve the county school fund.
We conclude that, notwithstanding the order of the court entered in the case as recited to us, there is no fund from which the county or the State of Missouri can legally pay such storage charges.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 192-1974 Op. No. 70-1954