Dear Mr. Freeman:
This opinion is in response to a question posed by Mr. James F. Walsh, previous Director of the Department of Social Services. The question asks:
 "Are prosecuting attorneys required to pay court filing fees in civil actions to enforce or collect child support obligations for persons referred to their office by the Division of Family Services: either AFDC cases in which assignment of support rights has been made to the Division in behalf of the state or in non-AFDC cases wherein there is no such assignment?"
Section 207.025, RSMo, House Bill No. 1634, 79th General Assembly, provides in pertinent part:
 "1. There is established within the division of family services a single and separate organizational unit to administer the state plan for child support enforcement; provided, however, that the duty under the state plan to litigate or prosecute support actions shall be performed by the appropriate prosecuting attorney and provided that the division of family services shall fully utilize existing IV-A division staff to perform child support enforcement duties where so approved by the Department of Health, Education and Welfare and where consistent with federal requirements as specified in PL 93-647 and 45 CFR, Section 303.20. For the purpose of utilizing the resources of counties in the enforcement and collection of support obligations under the state plan, the director shall enter into cooperative agreements with county governing bodies, circuit courts and circuit clerks and prosecuting attorneys. . . .
* * *
 "4. The director of the division shall render child support enforcement services to persons who are not recipients of public assistance as well as to such recipients. An application shall be filed with the division for services, and an application fee may be required by the division. An additional fee for expenses incurred in excess of the application fee may be required by the division in providing services; provided, however, that any additional fee shall not exceed ten percent of any support money recovered and provided that the amount of the fee shall be agreed to by the applicant in writing. Expenses incurred by a county under a cooperative agreement with the division in the prosecuting attorney's office or in the circuit clerk's office in enforcing or collecting a child support obligation in any civil litigation or other noncriminal proceeding for a person who is not a recipient of public assistance, but who has made an application with the division for child support enforcement services shall be construed as expenses incurred by the division. The application fee and any additional fee may be deducted from the support money recovered. Fees collected pursuant to this subsection shall be deposited in the child support enforcement fund in the state treasury.
 "5. Each prosecuting attorney in this state, as an official duty of such office, shall litigate or prosecute any action necessary to secure support for any person referred to such office by the division of family services, including, but not limited to, reciprocal actions under chapter 454, RSMo, actions to enforce obligations owed to the state under an assignment of support rights and actions to establish the paternity of a child for whom support is sought."
It is clear from the foregoing that the prosecutor performing such a duty is acting officially.
It is also clear that neither the state nor the county is liable for costs unless there is a specific statutory provision authorizing the payment of such costs. Murphy v. Limpp, 147 S.W.2d 420,423 (Mo. 1940); Automagic Vendors, Inc. v. Morris, 386 S.W.2d 897,900-901 (Mo. Banc 1965); Hartwig-Dischinger Realty Co. v.Unemployment Compensation Comm., 168 S.W.2d 78, 82 (Mo. Banc 1943);Dubinsky Brothers, Inc. v. Industrial Comm. of Mo., 373 S.W.2d 9,16 (Mo. Banc 1963); Labor's Educational and Political Club v.Danforth, 561 S.W.2d 339, 350 (Mo. Banc 1978).
A statute which conceivably would apply to child support enforcement actions filed by the prosecuting attorney pursuant to § 207.025 and which establishes the liability for court costs is § 514.210 which provides:
 "When any suit or proceeding, instituted in the name of the state or any county, on the relation or in behalf or for the use of any private person, and where a suit shall be commenced in the name of one person to the use of another, the person for whose use the action is brought shall be held liable to the payment of all costs. And in all such cases, as well where there is security for costs, or where the attorney is liable for the same, judgment for costs shall be rendered against the person for whose use the action is brought, the security or attorney, in like manner and to the same extent as if the suit or proceeding had been instituted in his own name."
However, we do not believe actions brought by the prosecuting attorney under § 207.025 to enforce child support obligations are suits or proceedings "on the relation or in behalf or for the use of any private person" § 514.210. Rather, we believe these actions are brought to further the interest of the state in recouping public assistance payments made in the past to families with dependent children or to minimize such payments in the future. Thus, we feel that the state is "the party beneficially interested in the suit", In re Green, 40 Mo.App. 491, 493 (1890), and that the benefit accruing to the obligee of the support obligation as a result of the action is secondary or incidental to the state's dominant interest. We accordingly do not believe§ 514.210 pertains to proceedings instituted pursuant to § 207.025.
Suits brought under § 207.025 are brought because of the clear and express legislative policy mandating such actions by the prosecuting attorney as an official duty of the prosecuting attorney.
 ". . . [W]hen the prosecuting attorney acts ex officio the state is acting directly through him.
 ". . . He has no right to institute the proceeding at all as prosecuting attorney, unless he does so in behalf of the state. . . ." State ex rel. Thrash v. Lamb, 141 S.W. 665, 669-670 (Mo. Banc 1911)
We therefore conclude that under the rulings of the Supreme Court of Missouri, noted above, the payment of filing fees, in cases initiated by the prosecuting attorney to enforce child support obligations under Section 207.025, is not authorized.
CONCLUSION
It is the opinion of this office that in civil actions to enforce or collect child support obligations brought by the prosecuting attorney under Section 207.025 RSMo (1978) upon referral of the Division of Family Services of cases in which assignment of support rights has been made to the Division in behalf of the state or non-AFDC cases wherein there is no such assignment, court filing fees are not authorized and need not be paid.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Louren R. Wood.
Very truly yours,
 JOHN ASHCROFT Attorney General