THE STATE *ex rel.* KEMP, *Prosecuting Attorney of*  89  571
    *Livingston County*, v. THE HANNIBAL & St. Jo-  34a 595
    SEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad** : RINGING BELL : CONSTITUTION. The case of *State ex
   rel. Clay County v. Wabash St. Louis & Pacific Railway Company*,
   *ante,* p. 562, affirmed.

2. **Practice, Civil** : CONSOLIDATION OF SUITS : REVISED STATUTES, SEC-
   TION 3656. The consolidation of suits against the same defendant
   under Revised Statutes, section 3656, is matter within the discre-
   tion of the trial court.

*Appeal from Livingston Circuit Court.*—HON. J. M.
                     DAVIS, Judge.

AFFIRMED.

   *Strong & Mosman* and *G. W. Easley* for appel-
lant.

   (1)   There is a total failure of proof of the legal es-
tablishment of the public road mentioned, by any
competent authority. *Cunningham v. Railroad*, 61
Mo. 33 ; *Railroad v. Nelson*, 62 Mo. 585 ; *Ellis v. Pa-
cific*, 51 Mo. 200 ; *McQuoid v. Lamb*, 19 Mo. App. 153 ;
*Gibson v. Vaughn*, 51 Mo. 418 ; *State v. Metzer*, 26 Mo.
65 ; *Haggard v. Railroad*, 63 Mo. 302 ; *Spurlock v.
Dougherty*, 81 Mo. 180 ; *State v. Bench*, 68 Mo. 78 ; *Rob-
inson v. Jones*, 71 Mo. 582 ; *Ober v. Pratt*, 1 Mo. 80 ;
*Southgate v. Railroad*, 61 Mo. 89 ; *Baurman v. Rail-
road*, 26 Mo. 441 ; *Butler v. Robinson*, 75 Mo. 192 ;
*Fire Dept. v. Kipp*, 10 Cowan, 266 ; *Hopkins v. Rail-
road*, 79 Mo. 98.   (2) There is an entire failure of proof
as to the proceedings required by statute, in respect to
the establishment and opening of the highway.   Sec.

35, p. 202, Acts 1872; *Ib.* secs. 36, 37, 38; *State ex rel. v. St. Louis*, 67 Mo. 113; *Whitely v. Platte Co.*, 73 Mo. 30; *Perryman v. Bethune, ante,* 158; *Ewart v. Davis*, 76 Mo. 129; *State ex rel. v. Cook,* 82 Mo. 185. (3) Because there is no proof in the record that the road was a "traveled" public road, as alleged in the complaint. R. S., 1879, sec. 806; *Railroad v. Long*, 27 Kas. 684–695; *Neenan v. Smith,* 50 Mo. 525; *Perry Co. v. Jefferson Co.*, 94 Ill. 214; *Conner v. Rock Island Co.,* 59 Mo. 285; *State v. King,* 44 Mo. 283; *State v. Huck,* 29 Wis. 202; *Riddick v. Governor,* 1 Mo. 147; *Fowler v. St. Joe.,* 37 Mo. 228, 238; *State v. Clinton,* 67 Mo. 380; *Yankee v. Thompson,* 51 Mo. 234; *Smith v. Hayworth,* 53 Mo. 88; *Parrish case,* 63 Mo. 284. (4) Upon the face of the record it affirmatively appears that the alleged public road was not established upon and across the right of way lands of defendant. (5) There was an entire failure of proof to bring the case within the statute. (6) The court, as we contend, inadvertently overlooked a distinction made by this court in *Barnett v. Railroad,* 68 Mo. 56, between penalties accruing to the public, and penalties accruing to private persons. R. S., secs. 806 and 809. The statute under which this action is brought, if construed as held by the court in the opinion filed, contravenes, section 8, article 11, of constitution of 1875, as respects the phrase "clear proceeds." Section 806 is in conflict with section 8, article 11, of the constitution of 1875, penalties belonging to the county school fund. *Cedar Co. v. Johnson,* 50 Mo. 225; *Tyte v. Glode et al.,* 7 Durnford and E. 267. This suit is erroneously entitled. *State v. Clarke,* 54 Mo. 17; *State v. DeBar,* 58 Mo. 395.

*W. C. & J. W. Samuel* and *Jonas J. Clarke* for respondent.

(1) The court did not err in refusing to consolidate

the suits. It was discretionary with the court to consolidate or not. R. S., sec. 3656. (2) The statement of the cause of action is sufficient. The allegations bring the case within the prohibition of the statute. The acts and omissions which constitute the cause of action are specifically stated. R. S., sec. 806. In declaring on a penal statute it is sufficient to pursue the words of the statute and not essential to conclude against the form of the statute. 1 Estee's Plead., sec. 826, page 368 [3 Ed.] Nor is it necessary to aver the uses to which the forfeiture is to be applied. 1 Estee's Plead., sec. 826, p. 368 ; *Nye v. Lamphere*, 2 Gray, 297 ; *Levy v. Gowdy*, 2 Allen, 320 ; *Drew v. Hilliker*, 56 Vt. 641. The amount to be recovered and the uses to which it is to be applied are fixed by the statute, and in rendering judgment it is the duty of the court to apply the forfeiture as provided by the statute. 5 Wait's Act. & Def., sec. 7 ; *Levy v. Gowdy*, 2 Allen, 323. (3) The suit is brought in the name of the right parties. If any party is named who is not entitled to recover the court has the power to render judgment in favor of those entitled to recover. R. S., sec. 3673. If the state of Missouri is not a necessary party the Supreme Court has the power to correct the error by amendment, by striking out the state, and will not reverse the judgment, but render judgment in favor of the proper parties. *Weil v. Simmons*, 66 Mo. 619 ; *Cruchon v. Brown*, 57 Mo. 38 ; *Daily v. Houston*, 58 Mo. 361. If the state is stricken out the statement states a good cause of action and the right parties are left in it. *Lynch v. The Steamer Economy*, 27 Wis. 69. If the right parties are named as plaintiff's as provided by the statute, who are entitled to recover, and the proper judgment is rendered to the uses as provided by the statute, then no damages can result to appellant by striking out the state of Missouri, if improperly made a party, and rendering judgment for the parties entitled to recover. In *qui tam* actions for the

recovery of a penalty from a railroad company for the failure to ring a bell or sound a whistle at a road crossing a common informer may sue in his own name. 5 Wait's Act. and Def., sec. 159, and authorities cited. *Railroad v. Foster*, 43 Ill. 480; *Nye v. Lamphere*, 2 Gray, 297; *Lynch v. Steamer Economy*, 27 Wis. 69; Dicey on Parties to Actions, 526; *Levy v. Gowdy*, 2 Allen, 320. The suit was tried on the theory that the informer, John Hudgins, was the real party in interest and controlled the suit. He was ruled to give security for costs, which he did by giving bond as required by the court. (4) Revised Statutes, section 806, is not unconstitutional. It is not in conflict with section 8, of article 11, of the constitution of 1875. Said section 806 is a penal statute and when made was the proper exercise of the police power of the state. Cooley's Const. Lim., 578. Being a penal statute, in the absence of any constitutional restriction, the legislature had the lawful right to make such disposition of the penalty imposed by it as would best subserve the purposes of the enactment. The enactment of penal laws and the imposition of penalties for their violation is a matter which the constitution has left to the legislature. *Barnett v. Railroad*, 68 Mo. 56. (5) There was ample proof that the road was a traveled public road. (6) It was not necessary to prove that the county of Livingston had adopted the township organization in order to establish the validity of the proceedings read in evidence establishing the road. *Snoddy v. Pettis Co.*, 45 Mo. 361.

RAY, J.—This action was instituted and conducted by the prosecuting attorney of Livingston county, Missouri, in the name of the state of Missouri, at the relation of Thomas H. Kemp, as such prosecuting attorney, upon the information of John Hudgins, informer, to recover the penalty prescribed by section 806, Revised Statutes, 1879, for a failure on the part

of the defendant to ring a bell or sound a whistle at a certain public crossing, on the railroad of defendant, in Livingston county, Missouri. The proceeding was commenced in said county, before a justice of the peace, where plaintiff had judgment, from which defendant appealed to the circuit court, where plaintiff again had judgment, from which the defendant appealed to this court.

The "information," or complaint, filed before the justice, as the basis of the action or prosecution, was duly signed by said prosecuting attorney of said county, and is as follows, to-wit:

"The state of Missouri, at the relation of Thomas H. Kemp, prosecuting attorney for Livingston county, in the Seventeenth Judicial Circuit in said state, upon the information of John Hudgins, Informer, Plaintiff.

*vs.*

"The Hannibal & St. Joseph Railroad Company, Defendant.

"The plaintiff for cause of action, states that defendant is a corporation, duly incorporated under the laws of the state of Missouri, and owning and operating a railroad track from Hannibal, on the Mississippi river, to St. Joseph, on the Missouri river, all in said state, on which said defendant, by its agents and servants, officers and employes, operates its engine and cars. And plaintiff further states that heretofore and within ten days before the institution of this suit, to-wit: On the twenty-fourth day of September, 1882, while the agents, servants, officers and employes of defendant were operating their engine, number unknown, on the passenger train west, at about 5 o'clock, A. M., and cars attached thereto, over the said railroad track and road bed of the defendant, running and passing through Livingston county

in the state of Missouri, where the said railroad crosses a traveled public road, in Mooresville township, in the county and state aforesaid, the said traveled public road leading from the southwest corner of section 17,. township 57, range 25, a point north of said railroad track to the southwest corner of same section, a point south of said railroad track, and not being in a city, the said agents, servants, officers and employes of the defendant neglected and failed to ring and keep ringing. a bell, and also neglected to sound a steam whistle of said engine, and failed to ring said bell, or to sound said steam whistle belonging to said engine, at any time before crossing said traveled public road where said railroad crosses the same, within eighty rods of said traveled public road where said railroad crosses the same, and plaintiff states that then and thereby said defendant incurred the liability to pay the sum of twenty dollars penalty, and plaintiff sues for said penalty as provided by section 806, of the Revised Statutes of Missouri, and asks judgment for the said sum of twenty dollars with costs of suit.

"THOMAS H. KEMP,

"*Prosecuting Attorney.*"

The record shows that at the trial before the justice, when both parties appeared, by attorney, a jury was waived, and the cause submitted to the justice, who, upon hearing the evidence, found the defendant guilty as charged in the complaint, and thereupon rendered judgment that defendant forfeit and pay the sum of twenty dollars, and that plaintiff recover the said sum and costs of suit; and that one-half of said twenty dollars be paid to said Livingston county, Missouri, and that the other one-half to said Hudgins, the informer. When the cause reached the circuit court, as shown by the record, the defendant moved the court to consolidate this claim, with certain others of a like character, be-

tween the same parties, but the court, in its discretion, overruled said motion, to which defendant excepted, and thereupon filed a motion to dismiss the cause for certain reasons hereafter mentioned, but the court also overruled this motion and defendant likewise excepted.

This cause, with some unimportant differences in the entitling of the cause, and in the language and phraseology of information or complaint, is, in all essential particulars, substantially like the case of *The State ex rel. Clay County, Missouri, v. The Wabash, St. Louis & Pacific Railroad Company, ante,* p. 562. The material and controlling questions in this case, as in that, are: (1) Whether the action or prosecution is brought in the name of the right party plaintiff; (2) whether said section 806, Revised Statutes 1879, is in violation of section 8, article 11, of the state constitution; and (3) whether the "information" or complaint was sufficient, in law, to sustain the action, etc. In the decision of the case above referred to, all these points or questions were ruled in favor of the plaintiff in that cause, and the ruling thus made must be accepted as decisive of this case on all these points, and for like reasons as there assigned, and to which reference is here had.

There are some additional points in this case not raised in that, and these will be here noticed, as far as deemed material to the proper disposition of the case, with such further remarks about the two cases as may seem appropriate and necessary. While the trial court might, with propriety, so far as the record discloses, have consolidated this with the other causes of a like character between the same parties; yet, as this, under section 3656, Revised Statutes, 1879, is a matter in its discretion, we do not think the ends of justice require a reversal and remanding of the cause on that account. The court might have seen and heard what does not appear of record. The substantial reasons in defendant's

motion to dismiss the cause are the same as those heretofore considered as the controlling questions in the case, and for like reasons need not again be re-stated, or reargued.

At the trial, no objections were made to the introduction of plaintiff's evidence; nor were any exceptions saved at the time, and it is now too late to raise that point.   Defendant's objections to the sufficiency of the information or complaint, filed with the justice (upon the information of the informer, Hudgins), as the foundation of the action or prosecution, are, we may add, quite technical, and, as we think, not well taken.   Section 806, *supra*, it is true, imposes a twenty dollar penalty for every neglect of its provisions, to be paid by the corporation owning the road and guilty of such neglect, to be sued for by the prosecuting attorney of the proper circuit within ten days after such penalty is incurred, one-half thereof to go to the informer, and the other half to the county.   It is also true that the cause is entitled : "The State of Missouri *ex rel.* Kemp, Prosecuting Attorney for Livingston County, Mo., upon the information of Hudgins," the informer; yet, the complaint itself, after stating, with reasonable certainty, the facts and averments necessary to show defendant's liability under said section 806, concludes as follows : "And plaintiff states that then and thereby said defendant incurred the liability to pay the sum of twenty dollars penalty, *and plaintiff sues for said penalty as provided by section 806, of the Revised Statutes of Missouri ; and asks judgment for said sum of twenty dollars, with costs of suit.*"

Section 806, as we have seen, on its face provides that the penalty shall go—one-half to the informer, and the other one-half to the county.   Taking the complaint altogether, the title and conclusion inclusive, there is no want of perspicuity or certainty, and the justice who tried the cause in the first instance had, as we have seen.

no difficulty in determining how and to whom the penalty was to go, under the statute, and awarded judgments and execution accordingly. We think, therefore, that the complaint in question was a good and sufficient "information," under section 1674, Revised Statutes, 1879, and for these and other reasons hereinbefore stated, the judgment of the circuit court is affirmed. All concur.