STATE OF MISSOURI *ex rel*. THOMAS H. KEMP, Prosecuting Attorney, upon the information of JOHN HUDGINS, Informer, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 23, 1888.

PROSECUTING ATTORNEYS—FEES UNDER SECTION 5596, REVISED STATUTES—CASE ADJUDGED.—*Qui-tam* actions for a penalty may be prosecuted civilly or criminally by information, and so it is permitted by our statute.   (Rev. Stat., sec. 1674).   The proceeding in this case is " of a criminal nature," within the meaning of section 5596, Revised Statutes, and the prosecuting attorney is entitled to a fee of five dollars as allowed by that statute.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

The case is stated in the opinion.

J. E. WAIT, with STRONG & MOSMAN, for the appellant.

I.    This was a civil suit on section 806, Revised Statutes, and so held in this case.  *State ex rel. v. Railroad*, 89 Mo. 571.  See plaintiff's petition, brief, and statement in said case.

II.    The theory below is the theory that it must be tried on in this court, always so held and so file no authorities.

III.    It is not a criminal information as known to the common law for the trial of misdemeanors. Cooley's Blackstone [3 Ed.] book '3, *160, 162. Express distinction is made between the two informations.  *State v. Kelm*, 79 Mo. 515 ; *State v. Briscoe*, 80 Mo. 643, and authorities cited.

IV.    It is not an information for a misdemeanor, as is required by the statute.  Rev. Stat., secs. 1762, 1763, 1764.  The prosecuting attorney must verify it or it must be upon complaint of a person competent to testify.  *State v. Hayward*, 83 Mo. 299.  In that case the prosecuting attorney had signed the information officially.

V.    In *State v. Briscoe*, 80 Mo. 643, the court holds that the affidavit founded by sections 2025, 2026, has neither "the form or function" of a criminal information at common law.

VI.    This suit was commenced in September, 1882, and before section 1762 was modified so as not to require the affidavit of the prosecuting attorney.

VII.    There were no costs allowed at common law, and the statute of costs must be strictly construed.  *Steel v. Wear*, 54 Mo. 531 ; *Matter of Murphy v. Spelham*, 22 Mo. App. 476 ; *Shed v. Railroad*, 67 Mo. 690.

VIII.    When an officer has a duty to perform he can claim only the compensation allowed and in the manner provided by law.  *Crofut v. Brandt*, 58 N. Y.

108; *Lackland v. Dougherty*, 15 Mo. 261; *Gordon v. Maupin*, 10 Mo. 353.

IX.  It was not the duty of the prosecuting attorney to prosecute this case.  The informer must give security for costs (Rev. Stat., sec. 985), and the prosecuting attorney cannot be required to do so.

X.  Counsel fees are no element of damages and cannot be taxed as costs.  *Barnard v. Poor*, 21 Pick. 382; *Rice v. Austin*, 17 Mass. 197; *Leffingwell v. Elliott*, 10 Pick. 204.

XI.  Prosecuting attorneys' fees are fixed by Revised Statutes, section 5596, and no provision for taxing them as costs is made by any statute except in criminal cases strictly.

XII.  A penal statute must be strictly construed so as not to enlarge the liability it imposes, nor allow a recovery unless the party brings his case strictly within its terms, or the conditions authorizing it.  *Parish v. Railroad*, 63 Mo. 284; *State v. Railroad*, 19 Mo. App. 104.

XIII.  Could Hudgins have collected five dollars counsel fees, if brought in his own name, which he might have done?  *State v. Railroad*, 89 Mo. 569; *Railroad v. Foster*, 43 Ill. 480; *Lynch v. Steamer*, 27 Wis. 69.

XIV.  If this is a criminal action the judgment should be arrested, as defendant was never arraigned.  *State v. Billings*, 72 Mo. 662.

XV.  It was never the prosecuting attorney's duty to prosecute this case.  Rev. Stat., secs. 806, 985, 513, 514, 515.  But if it was he should perform for the salary fixed by section 512.

XVI.  There is no law authorizing the fee to be taxed as costs, and make the penalty twenty-five dollars instead of twenty dollars, as provided by section 806, Revised Statutes.

T. H. Kemp, Prosecuting Attorney, with J. J. Clarke and O. F. Libby, for the respondent.

I.  It was the duty of the prosecuting attorney of

Livingston county to prosecute these several cases. Rev. Stat., 1879, sec. 806; *State ex rel. v. Railroad*, 89 Mo. 571.

II. If it was the prosecuting attorney's duty to prosecute these cases, then a fee of five dollars in each case should be taxed as costs in his favor against defendant, appellant herein. Rev. Stat., 1879, sec. 5596.

ELLISON, J.—This proceeding was originally instituted by the prosecuting attorney of Livingston county under section 806, Revised Statutes, on the information of John Hudgins. The penalty was recovered against the railway company and appealed to the Supreme Court, where the judgment was affirmed. The case can be found reported in 89 Mo. 571.

In taxing the costs against defendant, the clerk of the circuit court included five dollars as a fee for the prosecuting attorney. A motion was made to retax the costs and was sustained as to some items, but overruled as to the item mentioned. The correctness of this ruling is the sole question presented by counsel.

By section 5596, Revised Statutes, "prosecuting attorneys shall be allowed fees as follows, * * * for judgments upon any proceedings of a criminal nature, otherwise than by indictment, or information, five dollars."

*Qui-tam* actions for a penalty may be prosecuted civilly or criminally by information ( 3 Blackstone, 308 ), and so it is permitted by our statute ( sec. 1674 ). Among the reasons assigned, why the prosecuting attorney should not be allowed a fee as costs, is, that this is a civil action. The case was undoubtedly begun as a civil action. It was so tried and considered below. It could not be held to be a criminal information for the plain reason that it lacks essential requisites to make it such ; it is not verified by affidavit and was not filed under the statute relating to prosecutions by information. The Supreme Court stated, in disposing of the case, that it

might be prosecuted under section 1674, *supra*. The disposing of the case by either proceeding is an end of the matter and bars further prosecution by the other mode.

But the question is, is this proceeding "of a criminal nature" under the statute above quoted? I am inclined to think it is. It is one of those cases to which the prosecuting attorney must attend, and which may be prosecuted "otherwise than by indictment or information," as we have just seen. It has for its object the infliction of a penalty for a violation of the command of a penal statute, and must be prosecuted by the prosecuting attorney.

I am persuaded that it is covered by the provisions of the statute quoted and that the judgment should, therefore, be affirmed. All concur.