THE STATE *ex rel.* RAY COUNTY, Respondent, v. THE
CHICAGO, SANTA FE & CALIFORNIA RAILWAY
COMPANY, Appellant.

### Kansas City Court of Appeals, December 7, 1891.

1. **Stipulation:** CONSTRUCTION : CONSOLIDATION. A stipulation set
   out in the opinion is. construed to provide merely for the filing in
   all of certain cases of the same papers filed in this, but not for the
   consolidation of said cases, as it does not appear therefrom that
   the cases were such as may be legally consolidated.

2. ——— : ——— : COSTS : ATTORNEYS' FEES. *Held*, said stipulation
   is an affirmative agreement that the prosecuting attorney should
   have a fee in each case, and only the right to retax other costs is
   reserved.

*Appeal from the Ray County Circuit Court.*—HON.
JAS. M. SANDUSKY, Judge.

AFFIRMED.

*Gardiner Lathrop, C. T. Garner, Sr.,* and *S. W.
Moore,* for appellant.

(1) The informer is liable for costs in the actions.
*In re Green,* 40 Mo. App. 491. (2) Suits to recover
the statutory penalty for failure to give signals at a
crossing are suits which can be joined, as contemplated
by section 6224, Revised Statutes, 1889. *The State ex
rel. v. Railroad,* 89 Mo. 571. (3) The defendant's
rights to have the costs retaxed is conclusively estab-
lished by the case of *Maberry v. Railroad,* 83 Mo. 664.
There the identical statute in controversy was con-
strued, and the court held that, although no motion to
consolidate was filed, yet it was the duty of the
justice to tax against the plaintiff the costs of such
actions as could have been consolidated. The same
rule applies to the costs in this court and in the circuit
court.

*T. N. Lavelock*, for respondent.

(1) The costs could be taxed against defendant by agreement. *Thompson v. Elevator Co.*, 77 Mo. 520; *Murphy v. Smith*, 86 Mo. 333. (2) In the light of this record it cannot be said that the several cases could have been consolidated. R. S. 1889, secs. 2608, 6224. (3) The compromise was a waiver of defendant's right to have the costs taxed against the informer or the several actions consolidated. (4) The compromise must be accepted or rejected *in toto*. The defendant cannot accept its benefits and escape its burdens. *Estes v. Reynolds*, 75 Mo. 563. (5) The motion to retax only reaches costs taxed by the clerk, and not special items expressly allowed by the trial court and adjudged against defendant. *Mann v. Warner*, 22 Mo. App. 577 ; *Bosley v. Parle*, 35 Mo. App. 232.

ELLISON, J.—This was an action instituted before a justice of the peace on July 26, 1888, to recover the statutory penalty for alleged failure to ring the bell or sound the whistle on the defendant's train as it passed a public crossing. A trial was had before a justice of the peace on August 16, 1888, and judgment rendered for the plaintiff. On the same day the defendant took an appeal to the circuit court of Ray county. At the October term following, the following stipulation was entered into between plaintiff and defendant : "It is stipulated and agreed, by and between the parties hereto, that all motions and pleadings filed in the above cause which is numbered on the docket of the circuit court of Ray county at this, the October term, 1888, as number 426, shall be considered as filed in each of the other cases on the docket between the same parties, to-wit. And that all motions and pleadings filed in said case numbered 426, at this or any future term of said court, shall apply in all the cases between the same parties from said number 423 to 464 inclusive, in the

same manner and effect as if said motion and pleadings were filed separately in each case, and the clerk is authorized to copy said motions and pleadings filed in said case 426 in all transcripts of the record in all the above cases between the same parties, as if they were originally filed in each case separately."

At the February term, 1890, the following order was made of record: "Now at this day comes the parties aforesaid by their respective attorneys, and this cause having been compromised upon motion and by consent of said parties, it is ordered by the court that this cause be and the same is hereby dismissed at the cost of said defendant, and by agreement of said parties a fee of $5 is by the court here allowed the prosecuting attorney to be taxed as cost; the right is reserved by the defendant to file motion to retax cost. It is, therefore, considered and adjudged by the court that the plaintiff recover of said defendant all the cost in this behalf expended, and ordered that execution issue therefor." The defendant thereupon filed its motion to retax costs in each one of the thirty-nine suits, on the ground, principally, that the cases should have been consolidated.

We are at a loss to see how we can consider the point urged by defendant in relation to the consolidation of the suits before the justice. The only matter of evidence before us is the stipulation above set out. That merely provided for the filing in all of the cases of the same papers filed in this case. It appears that the cases are between the same parties, but it does not appear by such stipulation that the cases are such as may be legally consolidated. We cannot say that the "causes of action" are such as "may be joined according to law" under section 6224, Revised Statutes, 1889. If it should be assumed that each case is for the penalty inflicted for failure to ring the bell at a public crossing, yet we are at liberty to say that each case may not have

been determined by the justice before the cause of action in the next one arose.

As to the fee of $5 allowed to the prosecuting attorney, our construction of the agreement stated in the judgment is that it was affirmatively agreed that he should have a fee of $5; the reservation of a right to move to retax costs must be construed to relate to other costs in the case. The prosecuting attorney would, however, be entitled to such fee aside from the agreement, as was decided in *State ex rel. v. Railroad*, 30 Mo. App. 494. The judgment is affirmed. All concur.